UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━

JESSICA MARIE TESKA

                          Plaintiff,

        v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                          Defendant.

━━━━━━━━━━━━━━━━━━━━━━━━━━━

|  | DECISION |
|---|---|
|  | and |
|  | ORDER |
|  | |
|  | 15-CV-00369-LGF |
|  | (consent) |

APPEARANCES:            LAW OFFICES OF KENNETH R. HILLER
                        Attorneys for Plaintiff
                        TIMOTHY HILLER, of Counsel
                        6000 N. Bailey Avenue
                        Suite 1A
                        Amherst, New York 14226

                        JAMES P. KENNEDY
                        ACTING UNITED STATES ATTORNEY
                        Attorney for Defendant
                        EMILY M. FISHMAN
                        Assistant United States Attorney, of Counsel
                        Federal Centre
                        138 Delaware Avenue
                        Buffalo, New York 14202

                        STEPHEN P. CONTE
                        Regional Chief Counsel
                        United States Social Security Administration
                        Office of the General Counsel, of Counsel
                        26 Federal Plaza
                        Room 3904
                        New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On May 17, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. No. 14). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff on December 10, 2015 (Dkt. 9), and by Defendant on March 1, 2016 (Dkt 12). For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

## BACKGROUND and FACTS

Plaintiff Jessica Teska ("Plaintiff "), brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "defendant") decision denying her application for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act, and Social Security Disability Insurance ("SSDI") benefits under Title XVI of the Act, together ("disability benefits"). Plaintiff, born on May 27, 1992, alleges that she became disabled on May 27, 2010, from stress resulting after a breakup with her boyfriend and family issues. (R. 45).

Plaintiff filed an application for Social Security Child's Insurance benefits and Supplementary Security Income ("SSI") benefits on October 4, 2012 (R. 142-48), that was initially denied by Defendant on December 28, 2012, and, pursuant to Plaintiff's request filed on January 29, 2013 (R. 95-97), a hearing was held before Administrative Law Judge Geitel Reich ("Reich" or "the ALJ"), on August 13, 2013, in New York, New

York.  (R. 41-55).  Plaintiff, represented by Marie Carrubba, Esq. ("Carrubba"),
appeared and testified at the hearing. The ALJ's decision denying Plaintiff's claim was
rendered on October 2, 2013.  (R. 18-37).  Plaintiff requested review by the Appeals
Council, and the ALJ's decision became Defendant's final decision when the Appeals
Council denied Plaintiff's request for review on February 27, 2015.  (R. 1-4).  This action
followed on April 27, 2015, with Plaintiff alleging that the ALJ erred by failing to find her
disabled.  (Doc. No. 1).

On, December 10, 2015, Plaintiff filed a motion for judgment on the pleadings
("Plaintiff's motion"), accompanied by a memorandum of law (Doc. No. 9) ("Plaintiff's
Memorandum").  Defendant filed, on March 1, 2016, Defendant's motion for judgment
on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Doc.
No. 12) ("Defendant's Memorandum").  Plaintiff filed a reply to Defendant's motion on
the pleadings on March 30, 2016, ("Plaintiff's Reply Memorandum") (Doc. No. 13).  Oral
argument was deemed unnecessary.

## DISCUSSION

A district court may set aside the Commissioner's determination that a claimant is
not disabled if the factual findings are not supported by substantial evidence, or the
decision is based on legal error.  *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*,
335 F.3d 99, 105-06 (2d Cir. 2003).  "Substantial evidence" means 'such relevant
evidence as a reasonable mind might accept as adequate.'"  *Shaw v. Chater*, 221 F.3d
126, 131 (2d Cir. 2000).  At step one of the sequential evaluation, *see* 20 C.F.R. § §
404.1520, 416.920, the ALJ determined that Plaintiff had not engaged in substantial
gainful activity since May 27, 2010, Plaintiff's alleged onset date of disability.  (R.18).  At

step two, the ALJ determined that Plaintiff suffered from the severe impairments of bipolar disorder, mood disorder, panic disorder with agoraphobia, personality disorder with borderline features, and asthma.  (R. 20).  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Affective disorders), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 ("§ 12.06") (Anxiety related disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 14.00 ("§ 14.00") (Immune system disorders).  (R. 25).  Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process.

Once an ALJ finds a disability claimant does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the claimant's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, and the claimant is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite the claimant's severe impairment, the claimant has the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that the claimant is able to perform in light of the claimant's physical capabilities, age, education, experience, and training.  *Parker*, 626 F.2d 225 at 231.  To make such a determination, the Commissioner must first show that the applicant's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities.  *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).  Specifically, the

Commissioner must demonstrate by substantial evidence the applicant's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In this case, the ALJ determined that Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with the limitation to simple work and occasional contact with people. (R. 22).

At step five, the ALJ determined that Plaintiff did not have any past relevant work (R. 26), and that based on the Medical Vocational Guidelines (the Grids"), Plaintiff was not disabled. (R. 26).

**Residual Functional Capacity**

In this case, the ALJ assigned considerable weight to the opinion of Martha J. Totin, Ph.D., ("Dr. Totin"), that Plaintiff had no significant health problems, and the opinion of Thomas Ryan, Ph.D., ("Dr. Ryan"), that Plaintiff was not limited in her ability to following and understanding simple instructions and directions, performing simple tasks, maintaining attention and concentration, maintaining a regular schedule and learning new tasks, but that Plaintiff had a moderate limitation to making appropriate decisions, relating to others and dealing with stress. (R. 25). Plaintiff alleges that the ALJ failed adhere to Social Security Ruling ("SSR") 85-15 by improperly evaluating Plaintiff's ability to tolerate stress. Plaintiff's Memorandum at 14. Defendant maintains that the ALJ's finding on Plaintiff's ability to tolerate stress in the ALJ's residual functional capacity assessment of Plaintiff is supported by Dr. Ryan's finding that Plaintiff was moderately limited in dealing with stress, Dr. Totin's finding that Plaintiff

had mild to moderate limitations to activities of daily living, social functioning, maintaining concentration, persistence and pace, and Dr. Gibbon's Global Assessment of Functioning ("GAF") evaluation scores that reflect transient symptoms considered as reasonable reactions to social stressors.  Defendant's Memorandum at 16.

ALJs are "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole," and residual functional capacity assessments may not perfectly correspond with any individual medical opinion yet properly be given dispositive weight.  *See Matta v. Astrue,* 508 Fed. App'x 53, 56 (2d Cir. 2013).  "When determining a claimant's RFC, the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence." *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010).  Stress is highly individualized, and the Commissioner must make specific findings about the nature of a claimant's ability to tolerate stress, the circumstances that trigger stress, and how those factors affect the claimant's ability to perform work.  *See Young v. Colvin*, 2016 WL 5661723, at *4 (W.D.N.Y. Sept. 30, 2016).

In this case, the ALJ's residual functional capacity assessment of Plaintiff includes findings on Plaintiff's ability to tolerate stress, and such findings are supported by substantial evidence in the record.  In particular, the ALJ noted that Plaintiff was admitted to the hospital emergency room on February 3, 2011, February 21, 2011, and April 12, 2011 (R. 24), yet received no mental health counseling until May 16, 2012, when Plaintiff was admitted to the hospital for suicidal ideation and cutting behavior.  (R.

24).  On December 12, 2012, Dr. Ryan completed a consultative examination on

Plaintiff and evaluated Plaintiff with only a moderate limitation to dealing with stress.

(R. 299).  On December 12, 2012, upon reviewing the entirety of medical evidence in

the record, Dr. Totin opined that Plaintiff was able to perform substantial gainful activity.

(R. 72). On January 14, 2013, Kelly Wittenbrook, ANP, ("NP Wittenbrook"), a nurse

practitioner with Family Health Medical Services in Jamestown, New York, completed a

physical examination on Plaintiff and noted that Plaintiff denied mood changes and

suicidal thoughts.  (R. 333).  The ALJ's finding that Plaintiff has the residual functional

capacity to tolerate work stress is therefore supported by substantial evidence.

As Defendant correctly asserts, SSR 85-15 emphasizes the importance of

thoroughness in evaluating mental impairments on an individual basis.  *See* Social

Security Ruling 85-15, Titles II and XVI: Capability to do other work – The Medical

Vocational Rules as a Framework for Evaluating Solely Non-Exertional Impairments,

1985 WL 56857, at *3 (Jan. 1, 1985), and is applicable to cases where a claimant

suffers from solely non-exertional impairments.  In this case, Plaintiff testified to

disability based on asthma (R. 48), and leg cramping (R. 55), physical impairments that

the ALJ found non-severe at step two of the disability review process, and included in

the ALJ's residual functional capacity assessment of Plaintiff:

> [t]he [ALJ] finds that the [Plaintiff's] asthma and leg impairment do not cause
> more than minimal limitation . . . [n]evertheless . . . has considered all of the
> [Plaintiff's] medically determinable impairments . . . in determining the [Plaintiff's]
> residual functional capacity.

(R. 21).

As Plaintiff in this case alleges both exertional and non-exertional impairments, SSR 85-15 is not applicable here.  *See Roma v. Astrue*, 468 Fed. App'x 16, 20 (2d Cir. 2012) (failure to evaluate stress under SSA 85-15 is not relevant to claims that include exertional and non-exertional limitations).  Plaintiff's motion on this issue is therefore without merit.

Plaintiff also contends that the ALJ improperly afforded more weight to Dr. Totin's opinion that Plaintiff was able to engage in substantial gainful activity, and relies on *Torres v. Commissioner of Social Security* ("*Torres*"), 2015 WL 7281640, at *6 (E.D.N.Y. Nov. 16, 2015), to support Plaintiff's contention that the ALJ was required to provide specific reasons to support the ALJ's finding.  Plaintiff's Memorandum at 16-17. Defendant maintains that Plaintiff's reliance on *Torres* is unavailing, as the ALJ in *Torres* afforded "some weight" to the opinion of an agency medical reviewer's unexplained findings, and that the ALJ here afforded more weight to Dr. Totin's finding that Plaintiff was able to engage in substantial gainful activity, as such opinion was supported by findings in Dr. Totin's consultative examination entitled Findings of Fact and Analysis of Evidence.  (R. 60).  Defendant's Memorandum at 17-20.

In addition to determining whether a disability claimant has the residual functional capacity to return to work, the Commissioner must establish that the claimant's skills are transferrable to new employment if the claimant was previously employed in a "semi-skilled" or "skilled" job.  *Decker*, 647 F.2d at 294.  This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy.  *Id.* at 296.  Where applicable, the Medical Vocational Guidelines of Appendix 2 of Subpart P of the Regulations ("the Grids") may be used to meet the

8

Secretary's burden of proof concerning the availability of alternative employment and supersede the requirement of VE testimony regarding specific jobs that a claimant may be able to perform in the regional or national economies. *Heckler v. Campbell*, 461 U.S. 458, 462 (1983).

In this case, the ALJ determined that Plaintiff had no past relevant work (R. 26), and that Plaintiff was able to perform work at all exertional levels with a limitation to simple work with occasional contact with people. (R. 22). Plaintiff contends that the ALJ failed to include a limitation to tolerate stress in the ALJ's residual functional capacity assessment of Plaintiff. Plaintiff's Memorandum at 13. Here, because, as discussed above, Discussion, *supra*, at 6-7, the ALJ's residual functional capacity assessment of Plaintiff, including that Plaintiff can tolerate stress, is supported by substantial evidence in the record, it follows that the ALJ's limitations to Plaintiff's ability to perform work, regardless of the stressfulness of a particular job, is also supported by substantial evidence. Plaintiff's motion on this ground is therefore without merit. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (courts review ALJ determinations only on the bases of "whether the correct legal standards were applied and whether substantial evidence supports the decision.").

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 13) is DENIED; Defendant's motion (Doc. No. 17) is GRANTED. The Clerk of the Court is directed to close the file.

So Ordered.

/s/ *Leslie G. Foschio*


LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      November 21, 2017
            Buffalo, New York